UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                        Case No. 2:88-cr-28-FTM-29

RONNIE LEE TAPE
_____

**OPINION AND ORDER**

This matter comes before the Court on defendant's Request for Certificate of Appealability (Doc. #637), filed August 25, 2005, in conjunction with a Notice of Appeal (Doc. #636) from the Court's June 30, 2005 Order (Doc. #635). As a preliminary matter, the Court notes that the Notice of Appeal is untimely under Fed. R. App. P. 4(a)(A) and no motion for extension of time has been filed by defendant within the time prescribed by Fed. R. App. P. 4(a)(5).

On June 30, 2005, the Court entered an Order denying reconsideration and reiterating that the request for re-sentencing had been denied for lack of jurisdiction. (See Docs. #633, #635). In this case, the Court found that it did not have jurisdiction under 28 U.S.C. § 2255 because a prior § 2255 petition had been denied and a successive petition is not permitted without leave from the Eleventh Circuit Court of Appeals. The Court further found no other basis for jurisdiction. Under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in *a habeas proceeding* unless a certificate of appealability issues.

See also Fed. R. App. P. 22(b).

To the extent that a certificate of appealability requirement is deemed to apply to the Notice of Appeal, the decision to issue a certificate of appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). Specifically, where a district court has rejected a prisoner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack v. McDaniel, 529 U.S. 473, 484 (2000); Peoples v. Haley, 227 F.3d 1342 (11th Cir. 2000). When the district court has rejected a claim on procedural grounds, the petitioner must show that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Slack, 529 U.S. at 484; Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000) (per curiam), cert. denied, 121 S. Ct. 1738 (2001). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El v. Cockrell, 537 U.S. at 336.

Having considered the motion and the Court's Opinion and Order (Doc. #633) and Order (Doc. #635) finding no jurisdiction, the Court finds that defendant has failed to show that jurists of reason would find it debatable whether the Court was correct in its

procedural ruling.  Therefore, the certificate of appealability would be denied.

Accordingly, it is now

**ORDERED**:

Defendant's Request for Certificate of Appealability (Doc. #637) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __26th__ day of August, 2005.

_____
JOHN E. STEELE
United States District Judge

Copies:
USCA
Counsel of record
DCCD