UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                              2:88-cr-28-FtM-29DNF

RONNIE TAPE
_____

**OPINION AND ORDER**

     This matter comes before the Court on defendant Ronnie Tape's Motion to Correct Illegal Sentence Pursuant to Former Rule 35(a) (Doc. #650), filed on September 17, 2007.  Because former Rule 35(a) does not apply, and there is no other basis for jurisdiction, the Court dismisses the motion.

    After a jury trial defendant Ronnie Lee Tape (defendant or Tape) was convicted on eight counts of a Second Superceding Indictment.  At sentencing the Court found that some of the conduct occurred only before the effective date of the Sentencing Reform Act of 1984 (November 1, 1987) and some continued or occurred after the effective date of the Sentencing Reform Act of 1984.  The Court found the following counts occurred or continued after the effective date of the Sentencing Reform Act, and defendant was sentenced as follows as to these counts: (1) Count 1, Engaging in a Continuing Criminal Enterprise, life imprisonment; (2) Count 2, Conspiracy to Possess with Intent to Distribute Cocaine Base, life imprisonment; (3) Count 5, Distribution of Cocaine Base, life

imprisonment; (4) Count 6, Possession with Intent to Distribute Cocaine, life imprisonment; (5) Count 7, Conspiracy to Commit an Offense and Defraud the United States, five years imprisonment; (6) Count 9, Assaulting, Resisting or Impeding Officers or Employees of the United States, three years imprisonment.  The Court found that Counts 3 and 4 of the Second Superceding Indictment were committed prior to the effective date of the Sentencing Reform Act, and imposed sentences under the prior law of ten years on each count. The sentences on all counts were concurrent.  (Cr. Docs. ## 371, 372.)  Defendant's convictions and sentences were affirmed on direct appeal, and numerous post-conviction challenges have been denied or dismissed.

In his current motion defendant argues that his life sentences were illegal because the sentencing court improperly calculated the sentence under the U.S. Sentencing Guidelines by failing to apply Amendment 66.  The correct calculation would have resulted, defendant argues, in a sentencing range of 17-1/2 to 21 years, 10 months, and he has served about twenty years already.

Defendant relies upon the former version of Fed. R. Crim. P. 35(a), i.e., the version in effect before November 1, 1987.  The former Rule 35(a) allowed a defendant to file a motion to challenge an illegal sentence "at any time," a provision not contained in the amended version. United States v. Diaz-Clark, 292 F.3d 1310, 1316-17 (11th Cir. 2002), cert. denied, 539 U.S. 951 (2003).  As defendant recognizes, if his offense was committed before November

1, 1987, the former Rule 35(a) governs; if his offense was committed after that date, or began before the date but continued after (straddle crimes), the new version of Rule 35(a) applies. Defendant argues that his drug offenses occurred and were completed prior to November 1, 1987, and therefore this court has jurisdiction to entertain his challenge to the sentence under the former Rule 35(a).

Defendant concedes that the Second Superceding Indictment charges that his criminal offenses in Counts 1, 2, 5, and 6 occurred or continued after November 1, 1987, but asserts that the dates in the indictment are not controlling and the facts of his case establish that the offenses did not continue after November 1, 1987. While defendant is correct that the dates of the offenses are not controlling, United States v. Peeples, 23 F.3d 370, 373 (11th Cir. 1994), he is incorrect as to the facts in his particular case.

The Presentence Report stated that the "Sentencing Reform Act of 1984 is applicable, since the conspiracy extended beyond November 1, 1987, . . .," and at the sentencing hearing defense counsel stated defendant had "no objections to the factual report other than the amount of the contraband." (Doc. #433, p. 6.) The government argued that the evidence established that the conspiracy continued beyond November 1, 1987 until June 26 or 27, 1988, when defendant was apprehended, and that a large amount of crack cocaine was distributed after November 1, 1987. (Doc. #433, p. 9.)

Defendant simply misreads (Doc. #650, p. 9) the next portion of the government's argument, since it does not concede in any respect the lack of evidence of conspiracy past November 1, 1987. Indeed, the government's argument continued that testimony at trial established the large amounts of cocaine being purchased by defendant and his people after November 1, 1987. (Doc. #433, p. 10.) The Court rejected defendant's argument as to the amount of cocaine base, and adopted the Sentencing Guidelines calculation as set forth in the Presentence Report. (Doc. #433, p. 10.) The sentencing judge determined that defendant's offenses in Counts 1, 2, 5, and 6 (as well as the non-drug offenses in Counts 7 and 9) continued after November 1, 1987. For this reason he entered two judgments, one "Judgment Including Sentence Under the Sentencing Reform Act" (Doc. #371) and one "Judgment in a Criminal Case" for the pre-Sentencing Reform Act offenses in counts 3 and 4 (Doc. #372). The conviction and sentences were affirmed on direct appeal. United States v. Hernandez, 921 F.2d 1569 (11th Cir. 1991).

Since the Court has already determined that defendant's conduct did extend beyond November 1, 1987, the former version of Rule 35(a) does not apply. United States v. Jordan, 915 F.2d 622, 624 (11th Cir. 1990); United States v. Reed, 194 Fed. Appx. 731, 734 (11th Cir. 2006). The current version of Rule 35(a) contains a time limitation which defendant concedes he missed. This time limitation is jurisdictional. Diaz-Clark, 292 F.3d at 1317. Since

there are no other bases for jurisdiction, the motion will be dismissed.

Accordingly, it is now

**ORDERED**:

Defendant Ronnie Tape's Motion to Correct Illegal Sentence Pursuant to Former Rule 35(a) (Doc. #650) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this ___2nd___ day of June, 2008.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge

Copies:
AUSA Molloy
Ronnie Lee Tape